```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

SEQUOIA FINANCIAL
SOLUTIONS, INC.,

        Plaintiff,

v.                                Case No. 8:12-cv-2534-T-33MAP

JAMES KENNETH BIDWELL,
CINDY-SUE BIDWELL a/k/a
CINDY-SUE MASTIN,

        Defendants.
_____/

**ORDER CONFIRMING FORECLOSURE SALE**

    This cause comes before the Court pursuant to Plaintiff's Motion to Confirm Foreclosure Sale (Doc. # 24), filed on July 5, 2012. The record in this action indicates that the Motion is unopposed. (Id. at 1). Upon due consideration, the Court finds that a hearing is not required, the Motion is granted, and the sale is confirmed.

**Discussion**

    In this residential foreclosure, Plaintiff held a promissory note in the amount of $155,400.00, for which 5381 Simrak Street, North Port, Florida, 34287, (the "Property") was secured as collateral per a mortgage (the "Instruments") executed by the Defendants and recorded on

March 30, 2006 (Sarasota Instrument No. 2006058660). The following real property was secured as collateral:

> Lot 19, Block 1845, Fortieth Addition to Port Charlotte Subdivision, as per plat thereof recorded in Plat Book 16, Pages 41, 41A through 41E of the Public Records of Sarasota County, Florida.
>
> Parcel Id. No. 1001184519
>
> Address: 5381 Simrak Street, North Port, Florida, 34287

In the Decree of Foreclosure and Order of Sale (Doc. # 23), the Court appointed the Law Firm of Lynn Cole, P.A. as Special Master, which was authorized and directed to offer and sell the Property, its improvements, buildings, fixtures, and appurtenances for public sale, at the Sarasota County Courthouse at the usual hour and location for public sale, following complete publication of the advertisement, and following notice of the public sale of the Property, to be published once a week for at least four weeks prior to the sale in at least one newspaper regularly issued and of general circulation in Sarasota County, Florida.

As shown by Plaintiff's Motion to Confirm the Foreclosure Sale, the Property was advertised for sale for four consecutive weeks prior to the sale. (Doc. ## 24 at 2,

24-1). The Law Office of Lynn Cole conducted the sale on June 14, 2013, at which Plaintiff purchased the property for a credit bid of $100.00, as shown by the Special Master's Report of Sale. (Doc. # 24-2).

As established by the United States Supreme Court, confirmation of the sale is required as "a bidder at a sale by a master, under a decree of court, is not considered a purchaser until the sale is confirmed." Ballentyne v. Smith, 205 U.S. 285, 288 (1907). As shown by the record, Plaintiff purchased the property, entitling it to confirmation as the new owner. Plaintiff withdrew its in-personam claims for a deficiency, costs and attorney's fees and/or other monetary relief in its Amended Complaint, including Count II of the Amended Complaint, and withdrew Count III of the Amended Complaint in its entirety. Those claims are dismissed with prejudice.

Accordingly, pursuant to Fed. R. Civ. P. 70, the Court enters this Order, confirming the foreclosure sale of the Mortgage against the Property, conveying title to the Property to Plaintiff, which shall be filed and recorded in the local land registry office, with the same legal effect as a Certificate of Title under Fla. Sta. Ann. § 45.11 et

seq. The Decree of Foreclosure and Order of Sale otherwise remains in effect.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff's Motion to Confirm Foreclosure Sale (Doc. # 24) is **GRANTED** and the sale is confirmed.

**DONE** and **ORDERED** in Tampa, Florida, this <u>10th</u> day of July, 2013.

                                      VIRGINIA M. HERNANDEZ COVINGTON
                                      UNITED STATES DISTRICT JUDGE

Copies:   All Counsel and Parties of Record
              U.S. Marshal